**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

JOHN C. BLANN,                    :
                                  :    Civil Action No. 10-6307 (NLH)
        Plaintiff,                :
                                  :
        v.                        :    **OPINION**
                                  :
WALTER MITCHELL,                  :
                                  :
        Defendant.                :


**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
John C. Blann
187958
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330


**HILLMAN**, District Judge

    Plaintiff John C. Blann, currently detained at Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. As to the date of the incident alleged in the Complaint, Plaintiff states only that it occurred on September 6, without indicating the year.[1]  Plaintiff alleges that he was at the corner of Kentucky and Pacific Avenues in Atlantic City, New Jersey asking for change because he was homeless.  He alleges that he asked Defendant Walter Mitchell for change, after which Mitchell used racial slurs against Plaintiff.  Plaintiff indicates that he then retaliated in the name calling.  Plaintiff alleges that Mitchell "almost hit" him at a red light.  Plaintiff alleges that he was subsequently stopped by two Atlantic City Police Officers under suspicion of robbery.  He alleges that at the time of filing this Complaint, he has been charged with armed robbery and incarcerated.

---

[1] For the purposes of review of the instant Complaint, this Court will presume that Plaintiff is not barred by any statute of limitations.

Plaintiff names only Walter Mitchell as a defendant in this action.  He seeks relief in the form of compensation in the amount of $1.7 million to $500,000.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

The Supreme Court then applied these general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1 [conspiracy] claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." ... It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply

>   facts adequate to show illegality.  Hence, when
>   allegations of parallel conduct are set out in order to
>   make a § 1 claim, they must be placed in a context that
>   raises a suggestion of a preceding agreement, not
>   merely parallel conduct that could just as well be
>   independent action.
>
>        The need at the pleading stage for allegations
>   plausibly suggesting (not merely consistent with)
>   agreement reflects the threshold requirement of Rule
>   8(a)(2) that the "plain statement" possess enough heft
>   to "sho[w] that the pleader is entitled to relief."  A
>   statement of parallel conduct, even conduct consciously
>   undertaken, needs some setting suggesting the agreement
>   necessary to make out a § 1 claim; without that further
>   circumstance pointing toward a meeting of the minds, an
>   account of a defendant's commercial efforts stays in
>   neutral territory. ...

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in which it was decided.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").  In applying Twombly the court said:

>   Context matters in notice pleading.  Fair notice under
>   Rule 8(a)(2) depends on the type of case -- some
>   complaints will require at least some factual
>   allegations to make out a "showing that the pleader is
>   entitled to relief, in order to give the defendant fair
>   notice of what the ... claim is and the grounds upon
>   which it rests."  Indeed, taking Twombly and the
>   Court's contemporaneous opinion in Erickson v. Pardus,
>   127 S.Ct. 2197 (2007), together, we understand the
>   Court to instruct that a situation may arise where, at
>   some point, the factual detail in a complaint is so
>   undeveloped that it does not provide a defendant the
>   type of notice of claim which is contemplated by

> Rule 8.  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 1950.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such

> an entitlement with its facts. See Phillips, 515 F.3d
> at 234-35. As the Supreme Court instructed in Iqbal,
> "[w]here the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.'"
> This "plausibility" determination will be "a
> context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 2009 WL 2501662, 5 (3d Cir. August 18, 2009) (citations omitted).

## III. ANALYSIS

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Section 1983 provides, in pertinent part, that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

It is unclear here what Constitutional violation Plaintiff may be alleging against Defendant. Even so, Plaintiff has alleged no facts to suggest that Defendant is a state actor.

Private parties may be liable under § 1983 only when they have acted under color of law. Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995) (quoting Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)). The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. See Mark, 51 F.3d at 1141 (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)). State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains. Mark, 51 F.3d at 1141-42. "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'" Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

A private entity can be sued under § 1983 where (1) it "has exercised powers that are traditionally the exclusive prerogative of the State, Mark, 51 F.3d at 1142; (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171 (1970); (3) the State has permitted a private party to substitute

his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143.

See also DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . . have no right to be free from infliction of [constitutional] harm by private actors"), cert. denied, 519 U.S. 1111 (1997); Jones v. Arbor, Inc., 820 F. Supp. 205, 208 (E.D. Pa. 1993) (plaintiff did not allege that defendant corporation was a state actor or had such a symbiotic relationship with the state so as effectively to be an instrumentality of the state).

Plaintiff has alleged no facts to indicate that Defendant Mitchell, a private citizen, was acting under color of state law. As such, Plaintiff's allegations fail to meet the threshold color of law requirement and the Complaint shall be dismissed for failure to state a claim.

V.   CONCLUSION

The Complaint shall be dismissed with prejudice for failure to state a claim.[2]

An appropriate order follows.

At Camden, New Jersey                /s/ Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge
Dated: August 9, 2011

---

[2] Although the Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys, see Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972), and leave to amend should be liberally granted, such grant is not warranted where it is clear from the face of the pleading that the deficiencies of the litigant's factual allegations cannot be cured by allowing amended pleadings. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  In this case, nothing alleged by Plaintiff indicates that he could cure the deficiencies in the Complaint by amending it or that any other basis for federal jurisdiction exists.